UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:18-cr-192-SDM-CPT
          8:19-cv-2123-SDM-CPT

ISMAEL PAGAN-MARRERO
_____

**ORDER**

Ismael Pagan-Marrero moves under 28 U.S.C. § 2255 to vacate his convictions and sentence for distribution of heroin and cocaine for which he is imprisoned for 70 months. Both the convictions and the sentence are in accord with his plea agreement. Pagan-Marrero claims he received ineffective assistance of counsel and that his convictions are unconstitutional, but he is entitled to no relief because his claims lack merit.

**I. BACKGROUND**

Under a plea agreement Pagan-Marrero pleaded guilty to distribution of heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). He was sentenced as a career offender because he has prior Florida felony convictions for possession with intent to sell or deliver heroin and cocaine and delivery of a controlled substance, both in violation of Fla. Stat. § 893.13(1)(a). After applying a career-offender enhancement, the presentence report recommends a sentencing guidelines range of 151 to 188 months. Varying downward from the guidelines

range, the district court sentenced Pagan-Marrero to 70 months. He did not appeal.

Pagan-Marrero now moves to vacate his conviction and sentence. Relying on *Shular v. United States*, 140 S. Ct. 779 (2020), he claims that his counsel was ineffective for failing to challenge his prior drug convictions as career offender qualifying convictions (Ground One) and that his § 841 convictions are unconstitutional under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), (Ground Two).

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

"[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Pagan-Marrero must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Pagan-Marrero must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on

investigation." 466 U.S. at 690–91. Pagan-Marrero cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992); *accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)); s*ee also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

### III.  GROUND ONE

Relying on *Shular*, Pagan-Marrero claims that his counsel was ineffective for failing to challenge his prior drug convictions as career offender predicate convictions. *Shular*, 140 S. Ct. at 787, holds that a conviction under Fla. Stat. § 893.13 qualifies as a serious drug offense under the Armed Career Criminal Act ("ACCA"). *Shular* is inapplicable because Pagan-Marrero was not sentenced under the ACCA.

Pagan-Marrero's prior convictions for violations of Fla. Stat. § 893.13 qualify as predicate controlled substance offenses for the career-offender enhancement.

*United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014). Counsel was not ineffective for failing to raise a meritless challenge to Pagan-Marrero's career offender designation. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) ("Failing to make a meritless objection does not constitute deficient performance.").

## IV.  GROUND TWO

Pagan-Marrero claims that his § 841 convictions are unconstitutional after *Rehaif*, 139 S. Ct. at 2200, which holds that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Pagan-Marrero was not charged with, did not plead guilty to, and was not sentenced for violating 18 U.S.C. § 922(g). *Rehaif* entitles him to no relief. And, even if *Rehaif* were applicable, Pagan-Marrero cannot show he suffered any prejudice because the district court sentenced him well below the sentencing guidelines range. *See Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (*en banc*).

Pagan-Marrero's motion under Section 2255 to vacate, set aside, or correct his sentence is **DENIED**. The clerk is directed to enter a judgment against Pagan-Marrero, close this case, and enter a copy of this order in 8:18-cr-192-SDM-CPT.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Pagan-Marrero is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district

court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Pagan-Marrero must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Pagan-Marrero is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Pagan-Marrero must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 22nd, 2022.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE